IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**Kara Risner,**                                                     Case No. 22-cv-1070

        **Plaintiff,**

        v.                                                            **ORDER**

**AutoZoners, LLC,**

        **Defendant.**

        This is an employment discrimination case. Plaintiff's claims arise out of her interactions with Defendant's Kenton store manager. (Doc. 1, PageID. 2-9). These include her September 28, 2020 interview, Defendant's October 7, 2020 employment offer, and Plaintiff's first and last day of work for Defendant on October 10, 2020. (*Id*.) Defendant's Kenton store manager is alleged to have harassed Plaintiff because of her sex. (*Id*.)

        Defendant's store manager's harassment began with verbal threats and ended in his physically assaulting Plaintiff and exposing his genitals. (*Id*.) Local prosecutors later convicted the Kenton store manager of criminal charges for Public Indecency arising out of this incident. (*Id*.) Defendant terminated the Kenton store manager's employment on October 14, 2020, after investigating Plaintiff's allegations. (*Id*.)

        Pending is a discovery dispute in which Plaintiff's counsel seeks an extension of the discovery cutoff and other relief. For the reasons set forth below, I deny Plaintiff's counsel's request.

## **Background**

On June 20, 2022, Plaintiff filed her complaint. (*Id*. at PageID. 1). On August 17, 2022, Defendant answered the complaint. (Doc. 5, PageID. 28).

After two initial settlement conferences did not result in settlement, counsel for the parties requested, and I granted, a discovery cut-off on October 30, 2023. (*Id*.).

On June 21, 2023, I held a discovery dispute conference that lasted one hour. (*See* June 21, 2023 Minute Entry).

On August 29, 2023, the parties submitted a joint request that I extend the discovery cut-off to March 28, 2024. (Doc. 21, PageID. 166). After holding a twenty-five minute hearing, I granted the request in part and denied it in part, extending the deadline until December 20, 2023. (*See* September 11, 2023 Minute Entry).

I held four discovery dispute conferences during November 2023. The first, held on November 8, 2023, lasted twenty-two minutes. (*See* November 8, 2023 Minute Entry). The second, held on November 15, 2023, lasted one hour and five minutes. (*See* November 15, 2023 Minute Entry). The third, held on November 20, 2023, lasted one hour and fifteen minutes. (*See* November 20, 2023 Minute Entry). And the fourth, held on November 29, 2023, lasted four hours. (*See* November 29, 2023 Minute Entry). The transcripts of those conferences contain my detailed rulings.

On December 20, 2023—the day of the deadline—the parties contacted my chambers requesting I hold a conference on a discovery dispute. I was unavailable on December 20, 2023. Instead, I offered to hear the parties on the morning of December 21, 2023. Counsel, however, had

a conflict on that date. Thus, I issued a non-document order via email to the parties indicating that I would not hold a conference.[1]

## Discussion

As set forth in my Civil Case Preferences, I am more than willing to hold conferences and assist the parties in resolving discovery disputes. (*See* Carr, J., *Civil Case Preferences*; https://perma.cc/E4EH-2C5L). As a general rule, I respond promptly to parties' requests for conferences and am generous in the amount of time I spend adjudicating these disputes.

My case preferences require the parties to confer and attempt to resolve disputes in **good faith** before contacting my chambers. I have spent nearly eight hours adjudicating discovery disputes with counsel in this case. Counsel should be very familiar with how I manage and decide these matters.

I have told the parties that the discovery cut-off of December 20, 2023 is the final deadline and no extensions will be granted. Despite this, Plaintiff's counsel has asked me, again, to extend the deadline for the discovery cut-off. I decline to do so.

As Defense counsel notes, this case involves employment discrimination claims where the Plaintiff completed only one work-day with the Defendant company. She argues she was constructively discharged after her first day given the circumstances of the alleged harassment and assault. Though Plaintiff was employed for a very limited time, Defendant has produced over 2,400 documents and Plaintiffs have conducted over twenty-four hours of depositions of Defendant's employees.

---

[1] **On December 20th, my wife and I left for holiday visits with two of our daughters and their families. We returned on December 26th. That evening, another daughter and her children arrived for a visit that lasted until December 28th. Under all the circumstances, I declined to take the time the parties were requesting for yet another conference.**

One can only scorch the earth so much before concluding that, perhaps, there is no "there" there. At a point, which we are now well-past, Plaintiff's discovery efforts have become disproportionate to the needs of the case.

The additional material Defendant produced at the Rule 30(b)(6) deposition is inconsequential and insignificant. Accordingly, I deny Plaintiff's request to take additional discovery regarding Defendant's discovery response efforts.

I also reject Plaintiff's counsel's complaints regarding the Rule 30(b)(6) witness' preparation for deposition. I cannot and will not order her to provide different answers than what she already stated under oath in her deposition.

## Conclusion

Plaintiff's counsel had ample time within which to procure the discovery. The December 20, 2023 deadline was firm.

It is, accordingly, hereby ordered that Plaintiff's requests for an extension of the deadline for completion of discovery and a further discovery conference be, and the same hereby are, denied.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge